◼ AGNES M. JONES et al., Doing Business as JONES AND MARTIN NURSING HOME, Petitioners, v. HOLLIS S. INGRAHAM, as Commissioner of Health of the State of New York, et al., Respondents.— Proceeding pursuant to article 78 of the CPLR to review a determination of the respondent Commissioner of Social Services of the State of New York, dated December 22, 1972, which, after a hearing, refused to grant petitioners a waiver of relevant provisions of the Life Safety Code of the National Fire Protection Association (21st ed., 1967) and to certify petitioners as providers of skilled nursing home care under the State "Medicaid" Program established under title 19 of the Federal Social Security Act (U. S. Code, tit. 42, § 1396a et seq.). Determination annulled, on the law, without costs, and the respondent Commissioner of Health of the State of New York, in his capacity as presiding officer of the agency referred to in Code of Federal Regulations (tit. 20, § 405.1134, subd. [a]) as the "State survey agency", shall forthwith recommend to the Federal Department of Health, Education and Welfare (HEW) that HEW grant a waiver to petitioners, provided that the "Specified Corrections" (enumerated infra) will be completed, and that proof of completion is submitted to HEW, within four months after notification by HEW to petitioners that it accepts this recommendation. The "Specified Corrections" are: "(1) The outside fire stairs should be replaced by stairs protected from the weather and not requiring traveling down a 12-foot length of ladder. If the stairs go by any windows, the windows should be replaced by wire glass; (2) The additional sprinkler head should be installed in the closet that was added after the original installation of the sprinkler system; and (3) The asbestos cover over the furnace should be extended so as to cover the entire furnace—not just the back portion." We note that the record contains extensive evidence of fire protection equipment and systems in petitioners' facility. Among safety factors is an automatic sprinkler system with a coded alarm directly connected to the local fire department (see Kruger v. Ingraham, 42 A D 2d 983). Clarence Winquist, a fire safety expert, testified that the facility was reasonably safe as now constructed and that the above corrections would bring the facility within the intent of the Life Safety Code. Under all the circumstances, the determination not to issue a waiver, to decertify petitioners, and not to issue or recommend a conditional waiver, was not supported by substantial evidence, was arbitrary and in violation of the spirit of Maxwell v. Wyman (458 F. 2d 1146). (See Kruger v. Ingraham, 42 A D 2d 983, supra.) Hopkins, Acting P. J., Latham, Cohalan, Christ and Brennan, JJ., concur.